Jeremy M. Glapion
Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey
Tel: 732-455-9737
Fax: 732-709-5150
jmg@glapionlaw.com

Zack Broslavsky (241736)
Jonathan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
Tel: (310) 575-2550
Fax: (310) 464-3550
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MATTHEW AFFOLDER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MEDIA MIX 365 LLC, NICHOLAS LONG,** and DOES 1-25<br><br>Defendant. | Civil Case No.: 8:16-cv-01470<br><br>**RULE 26(f) REPORT** |

**(1) <u>Factual Summaries.</u>**

    **a. Plaintiff's Summary**

Plaintiff alleges that Defendant Media Mix 365 LLC ("Defendant") is a solar lead generation company, tasked with finding prospective homeowners interested in receiving solar panels. Plaintiff alleges that Defendant placed telephone calls to his cellular telephone on multiple occasions in an attempt to qualify him for such solar

services and pass his lead on to a local solar company. Plaintiff never provided any sort of consent, let alone prior express written consent required to receive such calls. Indeed, Plaintiff is not a homeowner, so signing up for solar panel information would not make sense. Further, Plaintiff asked Defendant to stop calling, but it did not. Plaintiff further alleges that several of the calls were made using a prerecorded voice, and that they all used an automatic telephone dialing system. Plaintiff alleges that Defendant made such calls to persons nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227(b) *and* 47 U.S.C. 227(c).

Plaintiff further alleges that Defendant's president, Nicholas Long, is jointly and severally responsible, in his individual capacity, for any violations of the TCPA. Defendant's entire business is premised on making unsolicited telemarketing telephone calls. This process was almost certainly implemented and overseen by Mr. Long himself, and any decisions to ignore laws or legal risks were likely made by Mr. Long.

**b. Defendant's Summary**

Defendant Media Mix is a marketing organization that engages in product marketing. In this process, Defendant connects potential solar customers with solar providers. Plaintiff's Complaint alleges that Defendant contacted him to generate a lead for "solar power installation." Although Defendant is engaged in product marketing, Defendant denies the allegations set forth in Plaintiff's Complaint,

- 2 -

including denying that Defendant placed any calls to Plaintiff's cellular telephone number ending in 9523. Among other denials and defenses, Defendant denies Plaintiff's claim for damages. Defendant also asserts Plaintiff, either expressly, implicitly, or by and through third parties, consented to telephonic communications with Defendant, if any. To the extent Plaintiff can establish any telephonic communications occurred between Plaintiff and Defendant, such communications: (1) were initiated by Plaintiff; were initiated by Defendant pursuant to Plaintiff's consent; (2) were initiated by a non-agent not authorized to use Defendants phone number; or (3) were not initiated by Defendant through the use of an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice. To the extent Plaintiff can establish any telephonic communications occurred between Plaintiff and Defendant that were initiated by Defendant through the use of an ATDS or artificial or prerecorded voice, Defendant acted with Plaintiff's consent. Further, to the extent Plaintiff can establish any telephonic communication occurred between Plaintiff and Defendant that was initiated by Defendant through the use of an ATDS or artificial or prerecorded voice, Defendant's conduct was neither intentional, knowing, nor willful for TCPA purposes.

Additionally, Defendant disputes that any basis exists to convert the existing allegation of a potential call between a single Plaintiff and Defendant into a nationwide class action as, among other reasons, Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23.

Moreover, Defendant contends this matter should be stayed pending the Circuit Court of Appeals for the District of Columbia's ruling in *ACA International v. Federal Communications Commission*, Case No. 15-1211, as a decision in that case will address substantially the issues of what even constitutes what is referred to as an "automatic telephone dialing system" which definition has been expanded improperly and beyond Congress' intent. This pending decision directly impacts the law that applies to this instant action before this Court, and proceeding with this action while awaiting the D.C. Circuit's opinion may result in significant waste of judicial and party resources as well as confusion to the putative class members who may receive a premature and possibly incorrect class notice; particularly as oral argument in *ACA Int'l* was already held on October 19, 2016 so a decision appears to be imminent.

This Rule 26(f) Report is not being submitted on behalf of Defendant Nicholas Long at this time, as Plaintiff has not yet served Mr. Long in this action.

**(2) <u>Synopsis of the Principal Issues.</u>**

    **a.** Whether Defendant placed telephone calls to Plaintiff's cellular telephone;

    **b.** Whether Defendant had consent to place telephone calls to Plaintiff's cellular telephone;

    **c.** Whether Plaintiff revoked any such consent;

    **d.** Whether Defendant made its calls using a prerecorded or artificial voice;

  **e.** Whether Defendant made its calls using an automatic telephone dialing system;

  **f.** Whether Plaintiff was on the national "Do Not Call" list;

  **g.** Whether Defendant complied with the safe harbor provisions of the "Do Not Call" list;

  **h.** Whether any of Defendant's affirmative defenses have merit;

  **i.** Fed. R. Civ. P. 23 class certification elements;

  **j.** Damages (including statutory).

**(3) <u>Statement of whether parties are likely to be added and whether the pleadings are likely to be amended.</u>**

Plaintiff does not currently anticipate adding parties.

Defendant does not anticipate adding any additional parties by way of a third party complaint at this time. Defendant may re-evaluate whether bringing a third party complaint is necessary based on information and/or documents obtained through discovery.

**(4) <u>Statement as to issues which any party believes may be determined by motion and a listing of then-contemplated law and motion matters.</u>**

Plaintiff believes most issues in this case may be determined by motion. Plaintiff anticipates a motion for summary judgment covering the issues of whether or not Defendant made the calls, whether or not Defendant had consent, whether or not Defendant used an automatic telephone dialing system or prerecorded voice, and statutory damages. Plaintiff also anticipates a motion for class certification

- 5 -

under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

At this time, Defendant anticipates significant fact issues will arise during discovery. Although Defendant contemplates possible motions for summary judgment, as well as a motion to stay pending the Circuit Court of Appeals for the District of Columbia's ruling in *ACA International v. Federal Communications Commission*, Case No. 15-1211, this case is likely to require fact investigation.

Plaintiffs and Defendants each reserve the right to file any other motions that may be appropriate as this case proceeds.

### (5) A statement of what settlement discussions have occurred and what settlement procedure is recommended.

The parties briefly discussed settlement pre-litigation but have been unable to reach an agreement at this time. The parties are, however, open to the possibility of mediation, but have not yet discussed the timing or logistics of such a mediation.

### (6) Discovery plan

The parties do not propose any changes in the timing, form, or requirements for disclosures under Fed. R. Civ. P. 26(a). Because of the impending holidays, the Parties agree to serve initial disclosures no later than December 12, 2016 and respectfully request the Court's approval of such timing. All other disclosures under Fed. R. Civ. P. 26(a) shall be made in accordance with said Rule.

<u>Discovery Taken to Date</u>: Neither Plaintiffs nor Defendants have served discovery requests on the other.

<u>Scope of Anticipated Discovery</u>:  The Parties plan to proceed with discovery pursuant to the Federal Rules of Civil Procedure.

<u>Proposed Limitations or Modifications of the Discovery Rules</u>:  The Parties propose no limitations or modifications of the discovery rules at this time.

<u>Issues about Claims of Privilege or Protection of Materials</u>:  To the extent necessary to address claims of confidential information, the Parties will discuss entering into a stipulation (with a proposed order) to maintain such confidentiality.

Additionally, the parties do not believe multiple discovery phases such as bifurcation or a separate expert discovery period will be necessary.

**(7) <u>Statement of trial by Jury or to the Court, and estimated length of trial.</u>**

All Parties request a jury trial on all issues triable of right by a jury.  The Parties estimate a trial of 4 trial days or 10 hours per side, excluding jury selection, opening statement, and closing argument.

**(8) <u>Statement of other issues, and proposed dates</u>**

The parties jointly propose the following dates:

   a. Initial Disclosures: Monday, December 12, 2016

   b. Discovery cut-off: Wednesday, July 12, 2017

   c. Final motion cut-off: Monday, October 16, 2017

   d. Final pretrial conference date: Monday, November 13, 2017

   e. Trial date: Tuesday, December 12, 2017

| | | |
|---|---|---|
| 1 | **Dated:** November 14, 2016 | */s/ Zack Broslavsky*_____ |
| 2 | | Zack Broslavsky (241736) |
| | | BROSLAVSKY & WEINMAN, LLP |
| 3 | | 11620 Wilshire Boulevard, Suite 1250 |
| 4 | | Los Angeles, California 90025 |
| | | Tel: (310) 575-2550 |
| 5 | | Fax: (310) 464-3550 |
| 6 | | zbroslavsky@bwcounsel.com |
| | | jweinman@bwcounsel.com |

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
Attorneys for Plaintiff

**/s/ Jennifer L. Meeker**_____
Jennifer L. Meeker, SBN 260138
**NOSSAMAN LLP**
777 South Figueroa Street, 34th Floor
Los Angeles, California 90017
jmeeker@nossaman.com
Telephone: (213) 612-7800
Fax: (213) 612-7801

Beth-Ann E. Krimsky
*Pro Hac Vice pending*
**GREENSPOON MARDER, P.A.**
200 E. Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
beth-ann.kimsky@gmlaw.com
Telephone: (954) 527-2427
Fax: (954) 333-4027
Attorneys for Defendant